UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                      Case No. 22-cr-20200

v.

                                                 HON. MARK A. GOLDSMITH

SHERIF KHALIL et al.,

       Defendants.
_____/

**OPINION & ORDER
(1) DENYING DEFENDANTS SHERIF KHALIL AND ALI SAAD'S MOTION TO SEVER (Dkt. 82) AND (2) DENYING DEFENDANT KURT SCHROEDER'S MOTION TO DISMISS COUNTS THREE AND FOUR (Dkt. 114)**

This matter is before the Court on two motions filed in this criminal case involving multiple Defendants, all of whom have been charged with various healthcare-related offenses. The first motion, filed by Defendant Sherif Khalil, is a motion to sever the trial on Counts One and Two from the trial on Counts Three and Four (Dkt. 82). Defendant Ali Saad filed a notice of joinder concurring in the relief sought in the motion (Dkt. 87), as well as a supplemental brief (Dkt. 113). The Government did not object to the joinder notice. The second motion, filed by Defendant Kurt Schroeder, is a motion to dismiss Counts Three and Four of the amended indictment for improper venue (Dkt. 114).[1] For the reasons discussed below, the Court denies both motions.

---

[1] The briefing also includes the Government's response to Khalil's motion to sever (Dkt. 94) and response to "venue-related filings," which addresses Saad's supplemental brief and Schroder's motion to dismiss Counts Three and Four (Dkt. 115). A hearing on both motions was held on January 24, 2024.

## I. BACKGROUND

The Government filed the amended indictment in April 2022, which charges Defendants with four counts of healthcare related offenses, each described below. See Am. Indictment (Dkt. 18).

Count One charges Khalil, Saad, Schroeder, and Abdelsyed under 18 U.S.C. § 371 with a conspiracy to defraud the United States and to pay and receive health care kickbacks in violation of the Anti-Kickback Statute (AKS), 42 U.S.C. § 1320a-7b. Am. Indictment ¶¶ 30–46. As part of the conspiracy charged in Count One, Abdelsyed and Khalil—who are the owner and chief executive officer of Spectra Clinical Labs, Inc, respectively—paid recruiters Saad and Schroeder to ensure that physicians referred urine samples to Spectra for urine drug testing, which was to be billed by Spectra to Medicare. Id. ¶¶ 21–26. According to the Government, these payments constituted illegal renumeration, including kickbacks and bribes, in violation of the AKS. Id. ¶ 31. Abdelsyed has pleaded guilty to Count One. See Plea Agreement (Dkt. 101).

Count Two charges Khalil, Saad, Schroeder, and Nancy Harris with a conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349. Id. ¶¶ 47–65. The amended indictment alleges that Harris, the owner of Charlotte Pain Management Clinic (CPMC), "provided [Schroeder] with [] access to CPMC for the purpose of allowing [him] to obtain urine samples and physician orders for urine drug testing." Id. ¶ 26. The Government alleges that Khalil, Saad, Schroeder, and Harris conspired to submit false and fraudulent claims to Medicare via interstate wire for (i) claims based on kickbacks and bribes, and (ii) claims that were medically unnecessary and/or not eligible for Medicare reimbursement. Id. ¶ 49. Many of these claims were for "comprehensive" urine drug testing, which has the highest Medicare reimbursement rate. Id. ¶¶ 16, 55. The Government alleges that, while these claims were supposed to be rare and supported

by documentation, over 70% of claims for urine drug testing submitted by Spectra to Medicare in 2019 were for comprehensive urine drug testing and that Spectra did not collect supporting documentation for all claims. Id. ¶¶ 56–58.

Counts Three and Four charge Schroeder with aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2. Id. ¶¶ 66–68.[2] According to the amended indictment, Harris and Schroeder obtained a physician's signature stamp that Schroeder, with Harris's knowledge, "routinely" used to stamp orders for comprehensive urine drug testing, without the permission of the physician, and regardless of medical necessity. Id. ¶¶ 60–63.

The Court discusses the motion to sever and the motion to dismiss in turn, finding that both motions must be denied.

## II. ANALYSIS

### A. Motion to Sever

Khalil and Saad contend that Counts One and Two should be tried separately from Counts Three and Four, which are only charged against Schroeder. Mot. to Sever at 1. In the alternative, Khalil and Saad argue that the Court should sever their trial from the trial of Schroeder and Harris. Id.

Federal Rule of Criminal Procedure 8(a) allows the Government to join multiple offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "Rule 8(a) is construed in favor of joinder, but failure to meet the requirements of the rule may constitute misjoinder as a matter of law." United States v. Hatton, 643 F. App'x 574, 579 (6th Cir. 2016).

---

[2] The title of Counts 3 and 4 cites to "18 U.S.C. §§ 1028A and 2" while ¶ 68 of the amended indictment cites to "18 U.S.C. 1028A(a)(1) and (2)."

3

The spirit of Rule 8(a) is to "promote the goals of trial convenience and judicial economy." United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001) (punctuation modified).

Similarly, Rule 8(b) allows joinder of multiple defendants in a single indictment if those defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Like Rule 8(a), Rule 8(b) is "designed to promote economy, efficiency, and convenience, as well as avoid a 'multiplicity of trials' and the 'scandal and inequity of inconsistent verdicts.'" United States v. Bell, No. 17-cr-20183, 2019 WL 3451223, at *3 (E.D. Mich. July 31, 2019) (quoting Zafiro v. United States, 506 U.S. 534, 537–540 (1993)). As a general rule, persons jointly indicted should be jointly tried. United States v. Moreno, 933 F.2d 362, 369 (6th Cir. 1991). "This is particularly true in cases involving conspiracy or joint participation in a common scheme; where the charges are to be proven by the same evidence, resulting from the same series of acts, there is a strong policy in factor of joint trials." United States v. Norwood, 50 F. Supp. 3d 810, 823 (E.D. Mich. 2014) (punctuation modified).

Khalil and Saad do not contest that joinder was proper under Rule 8(a) or (b). Rather, they assert that severance is proper under Rule 14(a), which provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, [or] sever the defendants' trials . . . ." Br. Supp. Mot. to Sever at 5. Khalil and Saad argue that they would be substantially prejudiced by the spillover effect of the evidence presented in support of the identity theft charges against Schroeder, which they claim are unrelated to the charges against them. Br. Supp. Mot. to Sever at 8. The Government, on the other hand, contends that the evidence that will be introduced in support of Counts Three and Four presents no risk of prejudice to the other Defendants and, even if it did, such risk could be

4

addressed by limiting instructions. Gov't Resp. to Mot. to Sever at 1. The Court agrees with the Government.

"The standard for severance under Rule 14 is stringent and falls within the district court's sound discretion; severance is only required if there is a 'serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Bell, 2019 WL 3451223, at *4 (quoting Zafiro, 506 U.S. at 539). Further, even if the risk of prejudice is high, the Supreme Court and the Sixth Circuit have held that "'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (quoting Zafiro, 506 U.S. at 539). Thus, a motion for severance should be denied "if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987).

Here, the motion to sever must be denied for two reasons. First, trying all counts and Defendants together promotes judicial efficiency. While it is true that Counts Three and Four charge aggravated identity theft solely against Schroeder, there is factual overlap with the other charges in that the background for Counts Three and Four help demonstrate how Spectra operated. For example, evidence of the relationship between Schroeder and Harris, and the specific ways in which Harris provided Schroeder access to her pain management clinic, will likely be relevant to all counts. Trying these counts and Defendants together will save significant time and resources, whereas severance would be burdensome on the Court and potential witnesses.

Second, there is no risk of prejudice to any of the Defendants. To the extent additional evidence is offered to support Counts Three and Four that is not relevant to Counts One and Two, the jury can reasonably be expected to compartmentalize the evidence relevant to the different

counts, pursuant to instructions from the Court. The charges at issue are not so complex as to make compartmentalization difficult, and the Court can guide the jury through instructions given before, during, and after proofs, as necessary. Khalil and Saad have pointed to no specific evidence that they think could be prejudicial, nor have they explained why limiting instructions would not suffice to cure any potential prejudice.

The case cited by Khail and Saad, United States v. Davidson, 936 F.2d 856 (6th Cir. 1991), does not warrant a different finding. In Davidson, the Sixth Circuit reversed the district court's denial of a motion to sever tax charges from narcotics charges in a four-defendant, ten-count indictment. Davidson, 936 F.2d at 861–862. The Sixth Circuit found that the defendant-appellant, who had only been charged with one count of drug charges, "suffered substantial prejudice from the spillover effect of the proof of the unrelated tax charges against his absent co-defendant" Id. at 861. But Davidson is distinguishable from the case at hand in at least two ways. First, the tax charges and drug charges in Davidson were completely unrelated, whereas here, all charges are related to healthcare improprieties. Second, the defendant-appellant in Davidson was tried alongside an absent co-defendant, which added an additional prejudicial element to the trial.[3]

For these reasons, the motion to sever is denied.

---

[3] In his supplemental brief, Saad makes the additional argument that the dual-object conspiracy charged in Count Two requires a multiple conspiracy instruction. Saad Suppl. Br. at 2–4. Any issue regarding instructions will be taken up at a later stage in these proceedings. The same is true with respect to Saad's request for a preliminary evidentiary ruling. Id. at 5–6. Finally, Saad's attack on the sufficiency of allegations in Count Two will not be addressed in the absence of a proper motion to dismiss. It is not appropriate to question the sufficiency of an indictment by way of a brief in support of another party's motion for severance. See United States v. Norwood, No. 12-cr-20287, 2013 WL 5965328, at *3 (E.D. Mich. Nov. 8, 2013) (explaining that Federal Rule of Criminal Procedure 12(b)(3) permits a defendant to bring a motion to dismiss challenging a defect in the indictment or information).

**B. Motion to Dismiss**

Schroeder argues that Counts Three and Four of the amended indictment must be dismissed because the Government has sought prosecution in an improper venue.[4]  Mot. to Dismiss Counts Three and Four.  The charged offense for both counts—aggravated identity theft—includes a requirement that the offense be committed "during and in relation to" an enumerated felony.  18 U.S.C. § 1028A.  The "during and in relation to" offense is known as the "predicate offense."  See United States v. Magassouba, 619 F.3d 202, 205 (2d Cir. 2010).  Venue is proper as long as any element of the charged offense or the predicate offense was committed within the judicial district where the case has been brought.  Id. at 205–206.  Both Schroeder and the Government agree about that, see Br. Supp. Mot. to Dismiss Counts Three and Four at PageID.446; Gov't Venue Resp. at 1–2, but they disagree as to the characterization of the predicate offense itself.

According to Schroeder, the predicate offense for the aggravated identity theft charges is the agreement between Schroeder and Harris to routinely stamp physician orders without that physician's permission, which Schroeder contends was "a Florida conspiracy."  Br. Supp. Mot. to Dismiss Counts Three and Four at PageID.446.  The Government, on the other hand, characterizes the predicate offense as the health care fraud and wire fraud charged in Count Two.  Gov't Venue Resp. at 1.

The Court agrees with the Government's characterization of the predicate offense.  It alleges that the identify theft occurred "during and in relation to felony violation enumerated in 18 U.S.C. § 1028A(c), that is, conspiracy to commit health care fraud and wire fraud."  Am. Indictment ¶ 67.  Schroeder's interpretation ignores the clear language of the amended indictment.

---

[4] The Court notes that Saad makes similar arguments regarding venue in his brief in further support of Khalil's motion for severance.  See Saad Suppl. Br. at 4–5.  For ease of understanding, the Court refers only to Schroeder's motion to dismiss, but Saad's arguments fail for the same reasons as those explained here.

As the Government correctly argues, venue is proper in the Eastern District of Michigan for the predicate health care fraud and wire fraud charges. The Constitution and Federal Rules of Criminal Procedure establish that the venue for a criminal prosecution must be the district where the crime was committed. United States v. Castaneda, 315 F. App'x 564, 569 (6th Cir. 2009). For continuous crimes such as conspiracy, venue is proper "in any district where the 'offense was begun, continued, or completed.'" Id. (quoting 18 USC § 3237(a)). Stated differently, for a conspiracy, "venue is proper in any district along the way." Id. (punctuation modified).

The amended indictment alleges that payments to Schroeder for his participation in the conspiracy were made by and through Michigan corporations. Am. Indictment ¶¶ 20, 25, 44. This makes the Eastern District of Michigan an appropriate venue for the health care and wire fraud charges—the predicate offenses for the aggravated identity theft charge. It follows that this district is also an appropriate venue for the aggravated identity theft charges. Magassouba, 619 F.3d at 205–206.

### III.  CONCLUSION

For the foregoing reasons, the court (i) denies Khalil and Saad's motion to sever (Dkt. 82) and (ii) denies Schroeder's motion to dismiss Counts Three and Four (Dkt. 114).

SO ORDERED.

Dated:  June 28, 2024            s/Mark A. Goldsmith
Detroit, Michigan                MARK A. GOLDSMITH
                                 United States District Judge