UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                Case No. 22-cr-20200

v.

                                              HON. MARK A. GOLDSMITH

SHERIF KHALIL et al.,

       Defendants.
_____/

**OPINION & ORDER
DENYING DEFENDANTS' MOTION (1) FOR A SUPPLEMENTAL BILL OF
PARTICULARS, (2) TO RECONSIDER ORDER DENYING MOTIONS TO
DISMISS, AND (3) TO LIMIT THE GOVERNMENT'S CASE AT TRIAL (Dkt.
163)**

Before the Court is Defendants' motion (i) for a supplemental bill of particulars, (ii) to reconsider the Court's order denying motions to dismiss, and (iii) to limit the Government's case at trial (Dkt. 163).[1] A hearing on the motion was held on October 9, 2024. For the reasons that follow, the Court denies the motion.[2]

### I. BACKGROUND

In this case, a grand jury indicted Defendants Sherif Khalil, Ali Saad, Kurt Schroeder, Nagi Abdelsyed, and Nancy Harris on four counts of healthcare related offenses. See Am. Indictment (Dkt. 18). Count One charges Khalil, Saad, Schroeder, and Abdelsyed under 18 U.S.C. § 371 with

---

[1] Defendant Sherif Khalil filed the original motion (Dkt. 163). Defendants Ali Saad and Nancy Harris filed notices of joinder concurring in the relief sought in the motion (Dkts. 170, 178). The Government did not object to the joinder notices. The Court treats the motion as if filed on behalf of Khalil, Saad, and Harris.

[2] The briefing also includes the Government's response (Dkt. 169) and Defendants' reply (Dkt. 173).

a conspiracy to defraud the United States and to pay and receive health care kickbacks in violation of the Anti-Kickback Statute (AKS), 42 U.S.C. § 1320a-7b. Am. Indictment ¶¶ 30–46. Count Two charges Khalil, Saad, Schroeder, and Harris with a conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349. Am. Indictment ¶¶ 47–65. Counts Three and Four charge Schroeder with aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2. Am. Indictment ¶¶ 66–68.[3] Abdelsyed has pleaded guilty to Count One. See Plea Agreement (Dkt. 101).

Two earlier opinions of the Court are relevant to the current motion. One denied Defendants' motions to dismiss Count One and Count Two of the amended indictment. See United States v. Khalil, No. 22-cr-20200, 2024 WL 3160312 (E.D. Mich. June 25, 2024). The other granted Defendants' motion for a bill of particulars. See United States v. Khalil, No. 22-cr-20200, 2024 WL 3160668 (E.D. Mich. June 25, 2024). Because the Court described the central facts of the case in these prior opinions, it need not do so again for purposes of the present motion.

## II.   ANALYSIS

Defendants' motion requests three forms of relief: (i) a supplemental bill of particulars, (ii) reconsideration of this Court's order denying motions to dismiss, and (iii) a ruling limiting the Government's case at trial. The Court addresses each request in turn.

### A. Supplemental Bill of Particulars

The Court granted Defendants' first motion for a bill of particulars and ordered the Government to provide additional details related to the following five categories:

1. All "laws," "rules," "regulations," and "policies and procedures" in effect during the relevant period stating that payments to marketers for obtaining medical testing orders and patient samples from physicians are illegal kickbacks and bribes as alleged in Counts One and Two, and all such "laws," "rules," "regulations," and "policies and

---

[3] The titles of Counts 3 and 4 cite to "18 U.S.C. §§ 1028A and 2" while ¶ 68 of the amended indictment cites to "18 U.S.C. 1028A(a)(1) and (2)."

    procedures" with which providers were required to comply as a condition of Medicare reimbursement as alleged in Counts One and Two.

2. All "dishonest and deceitful means" by which the [D]efendants conspired to defraud the United States as alleged in Count One.

3. All "materially false and fraudulent pretenses, representations, and promises" by which the [D]efendants conspired to commit wire fraud and health care fraud as alleged in Count Two.

4. All "false and fraudulent" claims that were "medically unnecessary" or "not provided as represented" as alleged in Count Two.

5. All "documents," "documentation," and "supporting documentation" that providers were required to complete, maintain, and collect as alleged in Counts One and Count Two.

See Khalil, 2024 WL 3160668, at *3. On July 16, 2024, the Government provided a bill of particulars (Dkt. 158). Defendants now move for a supplemental bill of particulars, arguing that there is a divergence between Count One's allegations and a legally sufficient theory. Mot. at 11–12.

According to Defendants, "the Court has recognized" that to establish a violation of the AKS, the Government "must prove that the conspiracy contemplated that marketers would unduly influence referring physicians." Mot. at 11 (citing Khalil, 2024 WL 3160312). Following this logic, Defendants ask the Court to "order the Government to file a bill of particulars specifying all manner by which the marketers—Saad and Schroeder—sought to improperly influence referring physicians, such that payments to them constituted illegal remuneration as charged in Count One and Count Two." Id. at 11–12. In response, the Government contends that Defendants have misread the Court's prior ruling on Defendants' motions to dismiss. Resp. at 3. The Government is correct.

In its ruling denying Defendants' motions to dismiss, the Court found that the indictment was not defective because it tracked the statutory language. Khalil, 2024 WL 3160312, at *5. The

3

Court proceeded to reject the specific argument raised by Defendants that the indictment had to allege that those alleged to have made referrals or recommendations had the formal power to do so. Id. ("[C]ase law makes clear that the AKS may extend to individuals who do not have the formal power to make a referral or a recommendation."). The Court discussed undue influence as one factor that can be considered when determining whether something less than formal authority can trigger the AKS, but the Court noted that all dimensions of the relationships between participants could properly be explored before the jury. Id. at *5–*6. Nothing in the opinion constitutes a holding that undue influence is a necessary prerequisite.

In any case, as the Court earlier explained, a bill of particulars may be ordered when it is necessary to enable a defendant to prepare a defense and avoid surprise at trial. Khalil, 2024 WL 3160668, at *2. The issue of undue influence is not new to this case. Defendants have been provided with voluminous discovery and have had the means to understand how different actors may have been improperly influenced. They do not need a "chapter and verse" recitation from the Government regarding instances of alleged improper influence to prepare for trial and avoid surprise.

**B. Reconsideration of Prior Ruling**

Defendants ask the Court to reconsider its prior ruling denying Defendants' motions to dismiss Counts One and Two of the amended indictment. Mot. at 12–24. But as the Government correctly notes, Defendants' request is not timely. Resp. at 1. Under Local Rule 7.1(h), motions for reconsideration of non-final orders must be filed within fourteen days after entry of the order being challenged. Here, Defendants challenge the Court's June 25, 2024 ruling denying their motions to dismiss, which is a non-final order. Defendants did not file their motion for reconsideration until August 23, 2024—59 days after the Court's order was entered. Even if

4

Defendants were to argue that they needed to review the Government's bill of particulars before filing a motion to reconsider, the Government's bill of particulars was filed on July 16, 2024. Defendants waited 38 days after the bill of particulars was produced to file their motion to reconsider. Because such request is not timely, it is denied. See Hill v. Oak St. Health MSO LLC, No. 22-cv-10684, 2024 WL 100170, at *1 (E.D. Mich. Jan. 9, 2024) (denying motion for reconsideration of a non-final order where movant was 14 days late).

**C. Limitation of the Government's Case at Trial**

Finally, Defendants ask the Court to limit the Government's case at trial to conform with the indictment as supplemented by the bill of particulars. Mot. at 24–25. Defendants contend that "[w]hen the government files a bill of particulars, it 'is strictly limited to the particulars which it has specified, i.e., the bill limits the scope of the government's proof at the trial.'" Mot. at 24 (citing United States v. Haskins, 345 F.2d 111, 114 (6th Cir. 1965)). As a general matter, Defendants are correct.[4] But Defendants' motion asks the Court to do more than just limit the Government's case at trial to conform with the indictment as supplemented by the bill of particulars. Defendants ask the Court to limit the Government's case as follows:

1. Conspiracy to violate the AKS as charged in Count One should be (sic) require proof of an agreement to pay marketers who exercised improper influence over referring physicians (in the manner specified by a supplemental bill of particulars) to obtain urine samples and drug testing orders to be billed to Medicare knowing such conduct to be unlawful;

2. Conspiracy to defraud the United States by deceitful and dishonest means as charged in Count One should require proof of an agreement to submit claims to Medicare that were procured through payments to marketers who exercised improper influence over referring physicians (in the manner specified by a supplemental bill of particulars) with knowledge that such conduct violated the AKS and with knowledge that such conduct

---

[4] Haskins goes on to explain that "[t]his is not to say that any variance in the proof from the information in the bill of particulars is grounds for reversal. It is well settled that a variance between the proof and the bill of particulars is not grounds for reversal unless the defendant was prejudiced by the variance." Haskins, 345 F.2d at 114.

5

    violated promises made to Medicare;

3. Conspiracy to commit wire and mail fraud as charged in Count Two should require proof of an agreement to submit claims to Medicare for comprehensive drug testing that the defendants knew to be medically unnecessary.

Mot. at 24–25.

Defendants' first and second requests, which relate to improper influence, are premised on an incorrect reading of the Court's earlier ruling. And Defendants' third request is framed to restrict Count Two to medically unnecessary claims, even though Count Two encompassed, as well, claims that were "not eligible for Medicare reimbursement, and/or not provided as represented." Am. Indictment ¶ 65. Nothing in the Court's opinion on the bill of particulars or the bill of particulars itself would restrict the Government in the manner requested by Defendants. The Court refrains from making any rulings regarding the precise limitations of the Government's case at trial at this time.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion (i) for a supplemental bill of particulars, (ii) to reconsider the Court's order denying motions to dismiss, and (iii) to limit the Government's case at trial (Dkt. 163).

SO ORDERED.

Dated: November 7, 2024　　　　　　　　s/Mark A. Goldsmith  
Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　United States District Judge