UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 22-cr-20200

v.

                               HON. MARK A. GOLDSMITH

SHERIF KHALIL et al.,

        Defendants.

_____/

### OPINION & ORDER
### GRANTING IN PART THE GOVERNMENT'S MOTION FOR THE ADMISSION OF CO-CONSPIRATOR STATEMENTS UNDER FEDERAL RULE OF EVIDENCE 801(d)(2)(E) (Dkt. 182)

The parties filed several motions in limine, many of which the Court ruled on in a separate opinion and order. See 12/5/24 Op. & Order (Dkt. 216). In that order, the Court stated that it would rule on motion six of the Government's omnibus motion in limine separately, which asks the Court to admit the statements set forth in the Government's co-conspirator statements offer of proof.[1] Id. at 4. For the reasons discussed below, the Court grants the Government's motion and conditionally admits the proffered co-conspirator statements.

---

[1] In addition to the Government's omnibus motion in limine (Dkt. 182), the briefing includes Khalil's response (Dkt. 185), Defendant Ali Saad's response (Dkt. 187), and the Government's reply (Dkt. 189). The Government's co-conspirator statements offer of proof was filed separately (Dkt 167).

## I.  BACKGROUND

This criminal case involves multiple Defendants, all of whom have been charged with various healthcare-related offenses.  As the Court has previously described the factual background of the case in detail in other opinions, it need not do so again for purposes of the present motion.  See, e.g., 6/25/24 Op. & Order (Dkt. 153) (denying Defendants' motions to dismiss).  In relevant part, a federal grand jury indicted Defendants Sherif Khalil, Ali Saad, Kurt Schroeder, Nagi Abdelsyed, and Nancy Harris on healthcare related offenses.  See Am. Indictment (Dkt. 18).  Two of the counts—Counts One and Two—are conspiracy charges.  Count One charges Khalil, Saad, Schroeder, and Abdelsyed under 18 U.S.C. § 371 with a conspiracy to defraud the United States and to pay and receive health care kickbacks in violation of the Anti-Kickback Statute (AKS), 42 U.S.C. § 1320a-7b.  Am. Indictment ¶¶ 30–46.  Count Two charges Khalil, Saad, Schroeder, and Harris with a conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349.  Id. ¶¶ 47–65.  Counts Three and Four—the non-conspiracy counts—charge Schroeder with aggravated identity theft for unlawfully using a physician's stamp.  Id. ¶¶ 66–68.  Abdelsyed has pleaded guilty to Count One.  See Plea Agreement (Dkt. 101).

## II.  ANALYSIS

The Government seeks to introduce at trial certain out-of-court co-conspirator statements in the form of testimony, text messages, and emails.  The Government was previously ordered to file an offer of proof listing all such statements, see 8/6/24 Order (Dkt. 161), which it has done, see Offer of Proof.  The Government's proffer of these out-of-court statements prompts the Court to consider whether the statements are inadmissible hearsay.

Hearsay is any statement that (i) a declarant "does not make while testifying at the current trial" and (ii) is offered into evidence "to prove the truth of the matter asserted in the statement."

2

Fed. R. Evid. 801(c).  Certain statements are excluded from the definition of hearsay, such as statements offered against an opposing party that were "made by the party's co-conspirator during and in furtherance of the conspiracy."  Fed. R. Evid. 801(d)(2)(E).  If a statement meets the definition of hearsay, it is inadmissible, see Fed. R. Evid. 802, unless it satisfies one or more of the hearsay exceptions, see Fed. R. Evid. 803, 804, 807.  "The proponent of a hearsay statement bears the burden of proving each element of a given hearsay exception or exclusion."  United States v. Day, 789 F.2d 1217, 1221 (6th Cir. 1986).

The Government seeks to admit the proffered statements pursuant to Rule 801(d)(2)(E)— the hearsay exemption for co-conspirator statements.  Offer of Proof at 2–6.  Separately, the Government argues that admission of the statements does not trigger the Confrontation Clause or the rule of completeness.  Id. at 8–14.  The Court addresses each argument in turn.

### A.  Co-conspirator Statements

For an out-of-court statement of a co-conspirator to be admissible under Rule 801(d)(2)(E), the Government must establish the following three foundational prerequisites by a preponderance of the evidence: (i) the conspiracy existed, (ii) the defendant against whom the statement is offered was a member of the conspiracy, and (iii) the co-conspirator made the statement during the course of and in furtherance of the conspiracy.  Bourjaily v. United States, 483 U.S. 171, 175 (1987); United States v. Vinson, 606 F.2d 149, 152 (6th Cir. 1979) (discussing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)).

The Court's finding as to whether the Government has met its burden of showing that the proffered statements are co-conspirator statements is commonly referred to as an Enright finding. See United States v. Young, 847 F.3d 328, 352 (6th Cir. 2017).  In making its finding, the Court must consider the proffered statements; however, a statement "does not by itself establish . . . the

3

existence of the conspiracy or participation in it." Fed. R. Evid. 801(d)(2)(E).  Thus, there must

be some independent corroborating evidence of the defendant's knowledge and participation in

the conspiracy for these statements to be admissible.  United States v. Benson, 591 F.3d 491, 502

(6th Cir. 2010).  There are three possible methods for the district court to employ when making its

admissibility determination:

> The first method is the so-called "mini-hearing," during which the district court "hears the government's proof of conspiracy and makes the preliminary Enright finding."  [Vinson, 606 F.2d at 152].  This pretrial hearing is also referred to as an Enright hearing, see United States v. Norwood, No. 12-CR-20287, 2014 WL 1795560, at *1 (E.D. Mich. May 6, 2014), and it is what Bell has requested in this case.  This sort of hearing is often criticized as being "burdensome, timeconsuming and uneconomic."  Vinson, 606 F.2d at 152 & n.4 (citing United States v. James, 590 F.2d 757 (5th Cir. 1979)); Norwood, 2014 WL 1795560, at *2.
>
> Under the second method, a court may require the Government to produce independent evidence establishing a conspiracy at trial before the court makes an Enright finding concerning the admissibility of any co-conspirators' hearsay statements.  Vinson, 606 F.2d at 152–153; see also United States v. Stone, No. 10-20123, 2011 WL 17613, at *2 (E.D. Mich. Jan. 4, 2011) ("[T]he Court can require the Government to produce the independent evidence of conspiracy at trial, before it attempts to introduce the hearsay, and the Court can make the Enright findings then.").  If, after considering the non-hearsay evidence, a district court finds that the co-conspirator statements are admissible, the court will allow the Government to introduce the challenged statements.  Vinson, 606 F.2d at 152.
>
> Finally, under the third method, the court may conditionally "admit the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence."  Id. at 153.  This method of conditionally admitting co-conspirator statements is "firmly entrenched in this circuit's practice," United States v. Holloway, 740 F.2d 1373, 1375 n.2 (6th Cir. 1984), and it is the general and preferred practice within this circuit, see Norwood, 2014 WL 1795560, at *2 (collecting cases).  Notably, if a district court conditionally admits co-conspirator statements but the Government fails to carry its burden at trial by a preponderance of evidence, the court "should grant a mistrial unless convinced that a cautionary instruction would shield the defendant from prejudice."  United States v. Kelsor, 665 F.3d 684, 693 (6th Cir. 2011) (citing Vinson, 606 F.2d at 153).

United States v. Bell, No. 17-cr-20183, 2022 WL 993634, at *2–3 (E.D. Mich. Apr. 1, 2022)

(punctuation modified).

The Court concludes that an <u>Enright</u> hearing would be unduly burdensome and an inefficient use of the Court's and the parties' limited time and resources.  <u>Vinson</u>, 606 F.2d at 152; <u>see also United States v. Marshall</u>, No. 09–20536, 2011 WL 1598955, at *3 (E.D. Mich. Apr.27, 2011) (refusing to hold an <u>Enright</u> hearing because, in part, conditionally admitting the statements "seems to be less burdensome and more efficient than holding a separate evidentiary hearing"); <u>United States v. Williams</u>, No. 06-20411, 2010 WL 272142, at *2 (E.D. Mich. Jan. 15, 2010) ("[L]itigating these issues [at a pre-trial hearing] would waste judicial resources and lead to a 'trial within a trial.'").  The second method would also prove unduly burdensome, given that the proof will likely "involve[] an intricate, interwoven web of contacts."  <u>Stone</u>, 2011 WL 17613, at *2 (E.D. Mich. Jan. 4, 2011).  In short, given that the parties estimate that the trial will take some four to six weeks, the Court finds that "having a pre-trial hearing essentially duplicating the evidence to be submitted at trial is overly burdensome compared with the benefit received from such an undertaking."  <u>Norwood</u>, 2014 WL 1795560, at *4.  The third method—i.e., the "general and preferred practice within this circuit," <u>Bell</u>, 2022 WL 993634, at *3—would best serve the interests of fairness and judicial economy.

Although the Court selects the third method, it is not blindly allowing the statements' introduction at trial; rather, the Court has already obtained and reviewed the Government's written offer of proof regarding its evidence of conspiracy, "so as to ensure some level of review before the statements were put before the jury." <u>Norwood</u>, 2014 WL 1795560, at *3.  The written proffer reveals that the Government will establish the existence of conspiracies not only through the statements themselves, but also through patient files, detailed data for all Medicare and Medicaid claims submitted through the lab for the time period at issue, Medicare records, bank records, phone records, and more than 750,000 pages of digital data.  <u>See</u> Offer of Proof at 14 (incorporating

by reference the Government's response to Defendants' first motion for a bill of particulars (Dkt. 93), which details the evidence the Government provided Defendants during discovery).  The Government also obtained physical evidence discovered by law enforcement during the execution of a search warrant at Spectra Clinical Labs in May 2018, which it claims corroborates at least one of the conspiracies.  Id. at 16.

Further, the Government intends to have "numerous cooperating witnesses who participated in the conspiracy" testify about not just co-conspirator statements, but other information that likewise establishes the existence of the conspiracies and Defendants' roles in the conspiracies:

> (1) the names of the conspirators (including Khalil, Saad, and Schroeder, as well as other defendants); (2) their respective roles (for example, Khalil as lab owner, Saad as supervising marketers, Schroeder as most prolific marketer); (3) undue influence exerted on physician practices for the purpose of obtaining orders for comprehensive urine drug testing; (4) commands from and between co-conspirators.

Id. at 15–16. [2]  The Government also intends to have numerous physicians testify to the facts listed above, and testify "based on their direct experience, that the [D]efendants and their co-conspirators exerted control over the process of determining which lab test (sic) were ultimately run by Spectra." Id. at 16.

This proffer is adequate such that utilizing the option "firmly entrenched in this circuit's practice"—i.e., conditionally admitting the statements without a pre-trial "mini-hearing"—is

---

[2] In Norwood and Bell, this Court, in opting to utilize the third method for determining the admissibility of the co-conspirator statements, highlighted that the Government noted that many statements may be admissible against Defendants, independent of the co-conspirator exclusion. See Norwood, 2014 WL 1795560, at *3; Bell, 2022 WL 993634, at *4 n.5. Likewise, here, the Government contends that "[m]any co-conspirator statements are non-hearsay for additional reasons." Offer of Proof at 6. For instance, the Government may introduce some of the statements as statements not offered to prove the truth of the matter asserted. Id. at 6–8.

appropriate here.  Holloway, 740 F.2d at 1375 n.2.  Accordingly, the Court will conditionally admit the proffered co-conspirator statements, subject to the Government proving the foundational factors for admission by a preponderance of the evidence at trial.

### B.    Confrontation Clause

The Government contends that admission of the proffered statements does not violate the Confrontation Clause of the Sixth Amendment of the United States Constitution.  Offer of Proof at 8–9.  Pursuant to the Confrontation Clause, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  The Confrontation Clause is triggered only by "testimonial" statements—i.e., statements that "a reasonable person in the declarant's position would anticipate . . .  being used against the accused in investigating and prosecuting the crime."  United States v. Martinez, 430 F.3d 317, 329 (6th Cir. 2005) (punctuation modified).  Statements that are admitted into evidence under the theory that they are statements made by a co-conspirator in furtherance of the conspiracy are, "[b]y definition, . . . not by their nature testimonial; the one making them has no awareness or expectation that his or her statements may later be used at a trial."  United States v. Mooneyham, 473 F.3d 280, 286 (6th Cir. 2007) (punctuation modified).  Because the Court is conditionally admitting the proffered statements as co-conspirator statements, the Court agrees with the Government that admission of these statements does not violate the Confrontation Clause.[3]

---

[3] Defendants argue that some statements, such as witness testimony, may be non-testimonial.  See Khalil Resp. at 24.  Any such issue can be raised at trial with respect to a particular statement.

### C.  The Rule of Completeness

The Government represents that it will "seek to introduce parts—but not all—of certain Defendants' statements."  Offer of Proof at 9.  It argues that the rule of completeness does not enable Defendants to "elicit the remaining portion of [their respective] . . . statements through another witness because they are inadmissible hearsay . . . ."  Id.[4]  Defendants disagree, arguing that the Government overlooks a 2023 amendment to Rule 106 of the Federal Rules of Evidence.  Khalil Resp. at 24–25.  Defendants are correct.

"The rule of completeness allows a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context."  United States v. Adams, 722 F.3d 788, 826 (6th Cir. 2013) (punctuation modified).  The common-law doctrine of completeness is partially codified in Rule 106: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time.  The adverse party may do so over a hearsay objection."  Fed. R. Evid. 106.

Prior to the 2023 amendment, the Sixth Circuit had held that Rule 106 "covers an order of proof problem; it is not designed to make something admissible that should be excluded."  Adams, 722 F.3d at 826 (punctuation modified).  But as amended in 2023, the plain language of Rule 106 now allows for the introduction of otherwise objectionable portions of documents, when fairness requires that such portions be presented to the jury.  The Court can address whether fairness

---

[4] Pursuant to Rule 801, an opposing party statement is considered non-hearsay only if it is "offered against an opposing party."  Fed. R. Evid. 801(d)(2).

requires the introduction of the remaining portions of any statements presented by the Government on a case-by-case basis at trial.[5]

### III.  CONCLUSION

For the foregoing reasons, the Court grants motion six of the Government's omnibus motion in limine (Dkt. 182).  Specifically, the Court conditionally admits the proffered co-conspirator statements, subject to the Government meeting its burden of proof for full admissibility at trial.

SO ORDERED.

Dated:  December 11, 2024                              s/Mark A. Goldsmith
     Detroit, Michigan                              MARK A. GOLDSMITH
                                        United States District Judge

---

[5] Although it is not entirely clear, the Government may have conceded that its interpretation of Rule 106 in its omnibus motion in limine was incorrect.  See Reply at 5 ("[T]he United States understands Fed. R. Evid. 106, which can be addressed on an individual basis at trial as the issue arises.").