UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                       Case No. 22-cr-20200

v.

                                                     HON. MARK A. GOLDSMITH

SHERIF KHALIL et al.,

      Defendants.
_____/

**OPINION & ORDER**
**DENYING DEFENDANTS SHERIF KHALIL AND NANCY HARRIS'S**
**MOTIONS IN LIMINE TO EXCLUDE OTHER ACT EVIDENCE OF**
**PAYMENTS TO CHARLOTTE PAIN MANAGEMENT CLINIC (Dkts. 263, 265)**

      Defendants Sherif Khalil and Nancy Harris have each filed a motion (Dkts. 263, 265) to exclude evidence of an alleged loan made to Harris's clinic, Charlotte Pain Management Clinic (CPMC), which the Government claims was authorized by Khalil.  The Court denies both motions.

      Khalil and Harris both argue that the evidence is being offered under Federal Rule of Evidence 404(b), and that it fails to satisfy the rule's requirements.  Khalil Mot. at 4–6; Harris Mot. at 6–9.  In response, the Government argues, principally, that the evidence is admissible because it is "intrinsic" to the criminal episode.  Resp. at 5–9.  The Government is correct.

      Rule 404(b) prohibits evidence of "any other crime, wrong, or act" to prove a defendant's "character" to show that the defendant acted in accordance with that character in committing the charged offense.  Fed. R. Evid. 404(b)(1).  Nonetheless, it does allow such evidence for purposes other than proving character, such as motive, intent, or absence of mistake.  Fed. R. Evid. 404(b)(2).

1

However, when evidence pertains to the criminal acts that are part of the criminal episode itself, Rule 404(b) plays no role. See United States v. Henderson, 626 F.3d 326, 338 (6th Cir. 2010) ("Where the challenged evidence is 'intrinsic' to, or 'inextricably intertwined' with evidence of, the crime charged, Rule 404(b) is not applicable."); accord United States v. Gonzalez, 501 F.3d 630, 639 (6th Cir. 2007) (explaining that "acts that are intrinsic to the offense charged" are "not subject to Rule 404"). By contrast, Rule 404(b) evidence has to do with "other" crimes or acts—which are separated by time, victim, or other circumstance and thus not part of the charged offense. See Gonzalez, 501 F.3d at 639 ("When the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed 'extrinsic.' 'Intrinsic' acts, on the other hand, are those that are part of a single criminal episode.") (punctuation modified).

The Government says the alleged loan shows the common purpose of the alleged conspirators. Resp. at 6–7. It says the lifeline of the conspiracy was CPMC, whose continued operations were essential for advancing the scheme of submitting false and fraudulent Medicare billings. Id. That view of the evidence is entirely plausible. The alleged loan could have furthered the goal of the conspiracy by perpetuating the physician orders that Spectra needed to continue the flow of allegedly fraudulent billings.

That there may have been an innocent explanation for the loan does not undermine the Government's position. Alternative explanations of the evidence do not invalidate the proponent's justification for the evidence. It will ultimately be the jury's decision whether the relationship between Khalil and CPMC was premised on a lawful business goal or the mission of a criminal partnership.

Nor is the evidence objectionable as unduly prejudicial. The evidence does not involve a

2

new charge not endorsed by the amended indictment. The Government has repeatedly said that the loan does not constitute a kickback under Count I, but evidence of the conspiracy charged in Count II. Further, there is little risk of jury confusion, as the jury can be properly instructed regarding how to parse the evidence as to the separate counts. Nor is there anything inflammatory in the evidence that might lead the jury to abandon reason in favor of passion. Old Chief v. United States, 519 U.S. 172, 180 (1997). Evidence of loans does not typically excite any such emotional reaction.

For all these reasons, the motions (Dkts. 263, 265) are denied.

SO ORDERED.

Dated: January 23, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge