UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                            Case No. 22-cr-20200

v.

                                              HON. MARK A. GOLDSMITH

SHERIF KHALIL et al.,

       Defendants.
_____/

**OPINION & ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT SHERIF KHALIL'S
SECOND MOTION FOR DISCOVERY (Dkt. 247)**

Defendant Sherif Khalil filed a motion for discovery seeking the following items within the Government's possession, custody, or control that are material to the defense:

1. All contracts between the United States (including but not limited to the United States Department of Health and Human Services and the Center for Medicare Services) and Noridian Healthcare Solutions, LLC, and/or Noridian Administrative Services, LLC (hereinafter "Noridian") that were in effect from January 1, 2016, to April 30, 2021; all performance reviews of Noridian by the United States or its agencies; and all related payment records.

2. All medical records of patients treated by Fadi Delly, Mohammad Elemini, Anjan Ghosh, Martin Glowicki, Raed Haddad, Michael Neshewat, Harold Ruettinger, and/or Abdulhassan Saad for whom Spectra Clinical Labs Inc. billed Medicare for comprehensive urine drug testing which the government contends was not authorized by the treating physician.

Mot. at 1.

Discovery in a criminal case is far less robust than in civil litigation. Generally, there are three governing rules that "'exhaust the universe of discovery to which [a] defendant is entitled.'" United States v. Watson, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting United States v.

Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988)). These are (i) the Jencks Act, 18 U.S.C. § 3500; (ii) the Brady doctrine; and (iii) Federal Rule of Criminal Procedure 16. Id.

The Jencks Act is limited in scope, generally requiring the Government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial. United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982). The Jencks Act requires the Government to turn over a witness's pretrial statements only after the witness testifies. See Presser, 844 F.2d at 1283 ("The clear and consistent rule of this circuit is that . . . the government may not be compelled to disclose Jencks Act material before trial."). This is not a proper basis for Khalil's requested discovery.

A second type of discovery is material that the Government must turn over under Brady v. Maryland, 373 U.S. 83 (1962). The Brady doctrine requires the Government to disclose "evidence that is favorable to the accused and material to guilt or punishment[.]" Presser, 844 F.2d at 1281. But the obligation extends only to information "known to the prosecutor." U.S. v Avellino, 136 F.3d 249, 255 (2d. Cir. 1998). While the obligation extends to others who can be considered "an arm of the prosecutor" or "part of the prosecution team," there is no obligation for the Government to canvass agencies that are not part of the investigation or prosecution. See, e.g., Goff v. Bagley, 601 F.3d 445, 476 (6th Cir. 2010) ("Brady and its prodigy do not impose a duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue.") (punctuation modified); United States v. Meregildo, 920 F. Supp. 2d 434, 440 (S.D.N.Y. 2013) ("The constructive knowledge of the prosecutor is not limitless. It does not encompass every agency and individual within the federal government.").

Rule 16 provides another source of discovery for a defendant—items that are "material to preparing the defense." Rule 16(a)(1)(E). These items must be within the Government's "possession, custody, or control." Id. Like with Brady material, the Government is not required

to locate items beyond those within the reach of the prosecuting team. See United States v. Mills, No. 16-CR-20460, 2019 WL 3423318, at *3 (E.D. Mich. July 30, 2019) (explaining that "Rule 16(a)(1)(E) does not contain a due-diligence requirement for the Government to affirmatively inquire of all federal, state, and local law enforcement agencies as to whether they have any materials in their possession that would be discoverable" and that only "actual possession" triggers the obligation for disclosure) (emphasis in original).

These principles counsel granting Khalil's motion in part. As to his first request, the Government has stated that no member of the prosecution team has any of the requested Medicare records. Resp. at 1. And it asserts that the Center for Medicare and Medicaid Services (CMS) did not participate in the investigation. Id. Even if such records contained exculpatory matter or were otherwise material to the defense—propositions that Khalil does not substantiate and remain speculative—they are beyond the universe of records that the prosecuting team is deemed to possess or control.

Khalil's second request fares better. The medical records of the patients of testifying physicians would be material to the defense. Such physicians are expected to testify that they did not order, or would not have ordered, certain comprehensive urine tests. The medical records of their patients would be directly relevant to that testimony and is, thus, material to the defense. See Konnect v. BMW of N. Am., No. 18-cv-14019, 2022 WL 22893271, at *2 (E.D. Mich. June 30, 2022) ("Evidence is generally admissible if it is relevant for any purpose, including rebuttal or impeachment.").

Accordingly, the Court grants the motion in part and denies it in part. The Government must turn over to the defense, at least seven days before trial, documents responsive to Khalil's second request, to the extent such documents are in the possession, custody, or control of the

3

prosecution team, defined to include the prosecutors; their assistants; and U.S. Department of Health and Human Services, Office of Inspector General personnel. The term "prosecution team" does not include CMS personnel. If such documents have already been produced, they need not be re-produced. If the Government has decided not to call any physician listed in Khalil's second request, it need not produce the patient records of such physician.[1]

SO ORDERED.

Dated: February 3, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

---

[1] Due to the plethora of pre-trial motions and other issues raised by the parties, as well the courthouse closure due to inclement weather, the issuance of this opinion has been delayed. However, the parties were advised by email on December 23, 2024 of the Court's ruling on the instant motion.