UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                       Case No. 22-cr-20200-1

v.

                                      HON. MARK A. GOLDSMITH

D-1 SHERIF KHALIL,

       Defendant.

_____/

## OPINION AND ORDER REGARDING DEFENDANT SHERIF KHALIL'S MOTION FOR FORMAL JUDGMENT AND EXONERATION OF BOND, OR ALTERNATIVELY, FOR RELEASE ON CONDITIONS (Dkt. 363)

Following the Court's grant of Defendant Sherif Khalil's motion for a judgment of acquittal (Dkt. 358), it sought the parties' views on the language for a judgment and the issue of bond, 7/14/25 Order (Dkt. 362). After a conference addressing these issues, the Court directed Khalil to file a motion to make his views and request of record, 7/17/25 Order (Dkt. 364). Khalil filed a motion, asking the Court to enter a judgment and to exonerate his bond, or alternatively release him on modified conditions (Dkt. 363). The Government responded (Dkt. 365); a hearing was held on July 21, 2025, 7/21/25 Minute Entry.

Regarding his request for a judgment, Khalil argues that Federal Rule of Criminal Procedure 32(k) contemplates a judgment. Rule 32(k) provides: "If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it."

In its response, the Government states that "it takes no position on the way the Court should proceed as a result of the decision [to acquit Khalil]." Resp. at 3. At the same time, it claims that the rule requires only an "order" of acquittal, which has already been entered. Resp. at

PageID.7302.  The Government also points out that the rule does not require that a judgment be entered before any notice of appeal is filed.  Id.

Because the Government takes no position on the way the Court should proceed, it is unclear what the purpose is for the Government comments on Rule 32.  Whatever their purpose, the Government's points are not well taken.  Nothing in the rule suggests that a judgment should not be entered where a court has issued an order granting a motion for judgment of acquittal.  To the contrary:  after stating that the court must "order" a defendant's discharged "if the defendant is found not guilty or otherwise entitled to a discharge," the rule states emphatically that "[t]he judge must sign the judgment."  This plain language clearly suggests that a judgment be entered.

As to the Government's second point about whether a judgment is required before any notice of appeal is filed, the argument is less than fully understandable.  There is no apparent connection in the rule between the entry of a judgment and the filing of a notice to appeal.  And the Government does not explain what that connection might be.

Further, the standard way a court records an acquittal (as well as a conviction) following a jury verdict is by way of a judgment.  There is no reason to think the closing document for an acquittal by a court should be any different than what would be used when a jury acquits (or convicts).

For these reasons, the Court will direct the parties to confer regarding the appropriate language for a judgment, following which Khalil will file a motion for entry of a proposed judgment, no later than July 25, 2025.  The Government may file any objections no later than July 28, 2025.

Regarding the issue of bond, Khalil says that the Bail Reform Act does not contemplate that a defendant who is found not guilty should continue to be subjected to conditions of release.

2

Mot. at PageID.363.  He cites to 18 U.S.C. § 3143(c), which says that a court must "treat a defendant in a case in which an appeal has been taken by the United States under…[18 U.S.C. § 3731] in accordance with …[18 U.S.C. § 3142] unless the defendant is otherwise subject to a release…order."  He further argues that Rule 32(k) requires discharge as a result of the acquittal, which means, in Khalil's view, that he is subject to a release order.  Mot. at PageID.7296–7297.

The Government, again, takes no position, but it does offer comments.  It notes that "several courts have found that while the government is considering appeal, or after the government has filed a notice of appeal, the court is permitted to maintain bond."  Resp. at PageID.364–365 (citing cases).[1]  However, all of the cases involve dismissals, not an acquittal by the court.  At the hearing, the Government conceded it could not find any cases addressing our context.

The Bail Reform Act, by its terms, is less than clear regarding whether a defendant, who has been acquitted by a court, is subject to bond.  By its terms, it addresses the possibility of subjecting a defendant to a bond, in the context of an appeal by the Government.  But this possible allowance is triggered "where an appeal has been taken by the United States under [18 U.S.C. § 3731]…."  Here, the Government has not yet filed a notice of appeal.  So, textually, there appears to be no basis for continuing Khalil on bond.

In the cases cited by the Government, all but one involved consideration of bond after the Government had filed its notice of appeal.  In the one case where a bond was maintained while the

---

[1] The Government cites: United States v. Sivaraman Sambasivam, Case No. 22-cr-00163, 2023 WL 4980932, at *2 (S.D.W. Va., Aug. 3, 2023); United States v. McMichael, 350 F. Supp. 3d 647, 662 (W.D. Mich. 2018); United States v. Davis, 793 F.3d 712, 729 (7th Cir. 2015) (en banc) (Rovner, J., dissenting); United States v. Figueroa-Taveras, Case No. 02 CR.333 (RPP), 2002 WL 31749390, at *1 (S.D.N.Y. Dec. 6, 2002); United States v. Jay, 261 F. Supp. 2d 1235, 1237 (D. Or. 2003).

Government was still contemplating an appeal, <u>United States v. McMichael</u>, 350 F. Supp. 3d 647

(W.D. Mich. 2018), the district court did not explain or support its decision to maintain bond; the

continuation of bond  was simply set out in its order, without any elaboration.  <u>Id.</u> at 662.

At this stage, Khalil has been acquitted.  Without express statutory authority to detain him

or otherwise restrict his liberty, it would be inappropriate to do so.  "The language of the statute is

the starting point for interpretation, and it should also be the ending point if the plain meaning of

that language is clear."  <u>United States v. Jackson</u>, 635 F.3d 205, 209 (6th Cir. 2011).  Because the

triggering language of the statute has not been satisfied, the Court need not now address Khalil's

analysis of the statute.

The parties will confer on appropriate language for releasing Khalil from his bond and

include same in the proposed judgment or by separate order.  Any disagreement will be addressed

via the same procedure discussed above, with the same due dates for filings.

**SO ORDERED.**

Dated: July 24, 2025                           s/Mark A. Goldsmith
Detroit, Michigan                              MARK A. GOLDSMITH
                                               United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First-Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2025.

                                               s/Joseph Heacox
                                               JOSEPH HEACOX
                                               Case Manager